**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| INSILCO TECHNOLOGIES, INC., <u>et al.</u>, ) | Bk. No. 02-13672 (KJC) |
| ) | |
| Debtors, ) | (Jointly Administered) |
| _____ ) | |
| ) | |
| CHAD SHANDLER, AS TRUSTEE OF THE INSILCO ) | |
| LIQUIDATING TRUST- UNSECURED ) | |
| CREDITOR SERIES, ) | |
| ) | Adv. Proc. No. 04-57692 (PBL) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Hearing Date: Only if Scheduled |
| ) |     by the Court |
| A. J. OSTER CO. ) | Objection Deadline: May 27, 2005 |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION OF DEFENDANT A. J. OSTER CO.
TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

Comes Now, A.J. Oster Co., ("Defendant") pursuant to Local Rule 5011-1 with this Motion to Withdraw Reference to Bankruptcy Court and states as follows:

**PROCEDURAL BACKGROUND**

1. On December 13, 2004, Plaintiff instituted this proceeding by filing a Complaint through which it seeks to avoid and recover pursuant to 11 U.S.C Sections 547, 548 and 550 certain transfers allegedly made to Defendant.

2. Defendant filed a timely Answer and Affirmative Defenses containing a demand for a jury trial. Defendant does not consent to the conduct of a jury trial by the Bankruptcy Court.

3. Defendant has not filed a claim against any of the Debtors' estates.

4. Defendant is filing a contemporaneous Motion for Determination of Core Status, as required by Local Rule 5011-1.

## **RELIEF REQUESTED**

5. Plaintiff seeks the withdrawal of the reference to the Bankruptcy Court in order that the District Court may conduct the trial of this matter.

## **GROUNDS FOR THE RELIEF REQUESTED**

A. Defendant has a Well-Established Right to a Jury Trial In a Preference Action

6. The U.S. Supreme Court has determined that a defendant in a bankruptcy preference action "that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial on the issue whether the payments they received from the debtors within ninety days of the latter's bankruptcy constitute[d] avoidable preferences." Langenkamp v. Culp, 498 U.S. 42, 45 (1990), rehearing denied, 498 U.S. 1043 (1990), quoting In re Republic Trust & Savings Co., 897 F.2d 1041, 1046 (1990) (bracketing in original).

7. Similarly, the Third Circuit Court of Appeals has held that the jury trial right exists, unless waived by the filing of a proof of claim. See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d. Cir.), cert. denied 513 U.S. 999 (1994); Travellers International AG v. Robinson, 982 F.2d 96, 98 (3d. Cir. 1992), cert. denied 507 U.S. 1051 (1993). If a defendant against whom the preference action is brought has not filed a proof of claim, the preference action "amounts only to a legal action to recover a monetary transfer." In re Heater, 261 B.R. 145, 148 (Bankr.W.D.Pa. 2001), quoting Langenkamp, 498 U.S. at 44.

8. Because Defendant has not filed a claim against the estates, it is entitled to a jury trial in this avoidance action.

B.  <u>Withdrawal of the Reference is Appropriate</u>

10. Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

11. A recent decision of the United States District Court for the District of Delaware is directly on point in finding that when a defendant in a preference adversary proceeding properly requests a jury trial, the reference to the Bankruptcy Court should be withdrawn. <u>Hutchins v. APCC Services, Inc. (In re: Star Creditors' Liquidating Trust)</u>, 2004 U.S. Dist. LEXIS 3279 (March 3, 2004). The District Court cited <u>Granfinanciera, S.A. v. Nordberg</u>, supra, as being dispositive on the right to a jury trial, and also held that "considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it appears more efficient for this court to manage the case through the pretrial process." 2004 U.S. Dist. LEXIS 3279, at p. 5.

12. The rationale of <u>Hutchins</u> is applicable here, given the clear right to a jury trial and the Defendant's lack of consent to the Bankruptcy Court's conduct of such a trial.

Wherefore, based upon the foregoing, Defendant requests that the reference to the Bankruptcy Court be withdrawn.

May 13, 2005

    Werb & Sullivan

    **<u>/s/ Robert Wilcox</u>**
    Duane D. Werb (DE No. 1042)
    Robert D. Wilcox (DE No. 4321)
    300 Delaware Avenue, 13th Floor
    P.O. Box 25046
    Wilmington, Delaware 19899
    Telephone: (302) 652-1100
    Facsimile: (302) 652-1111

E-mail: dwerb@werbsullivan.com
rwilcox@ werbsullivan.com

And

Husch & Eppenberger, LLP
Mark T. Benedict, Esquire
Robert D. Maher, Esquire
1200 Market Street, Suite 1700
Kansas City, MO 64105
Telephone: (816) 421-4800
Facsimile: (816) 421-0596

Attorneys for Defendant A. J. Oster Co.