IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| INSILCO TECHNOLOGIES, INC., et al., | ) Bk. No. 02-13672 (KJC) |
| | ) |
| Debtors, | ) (Jointly Administered) |
| | ) |
| CHAD SHANDLER, AS TRUSTEE OF THE INSILCO LIQUIDATING TRUST- UNSECURED CREDITOR SERIES, | ) ) ) ) |
| | ) Adv. Proc. No. 04-57692 (PBL) |
| Plaintiff, | ) |
| | ) |
| v. | ) Hearing Date: Only if Scheduled by the Court |
| A. J. OSTER CO. | ) Objection Deadline: June 1, 2005 |
| | ) |
| Defendant. | ) |

### AMENDED AND RESTATED MOTION OF DEFENDANT A. J. OSTER CO. TO WITHDRAW REFERENCE TO BANKRUPTCY COURT

Comes Now, A.J. Oster Co., ("Defendant") pursuant to Local Rule 5011-1 with this Amended and Restated Motion to Withdraw Reference to Bankruptcy Court and states as follows:

### PROCEDURAL BACKGROUND

1. On December 13, 2004, Plaintiff instituted this proceeding by filing a Complaint through which it seeks to avoid and recover pursuant to 11 U.S.C Sections 547, 548 and 550 certain transfers allegedly made to Defendant.

2. Defendant filed a timely Answer and Affirmative Defenses containing a demand for a jury trial. Defendant does not consent to the conduct of a jury trial by the Bankruptcy

Court.

3. Defendant has not filed a claim against any of the Debtors' estates.

4. Defendant is filing a contemporaneous Amended and Restated Motion for Determination of Core Status, as required by Local Rule 5011-1.

### RELIEF REQUESTED

5. Plaintiff seeks immediate withdrawal of the reference to the Bankruptcy Court in order that the District Court may manage the case through the pretrial process and conduct the trial of this matter.

### GROUNDS FOR THE RELIEF REQUESTED

#### A. Defendant has a Well-Established Right to a Jury Trial In a Preference Action

6. The U.S. Supreme Court has determined that a defendant in a bankruptcy preference action "that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial on the issue whether the payments they received from the debtors within ninety days of the latter's bankruptcy constitute[d] avoidable preferences." Langenkamp v. Culp, 498 U.S. 42, 45 (1990), rehearing denied, 498 U.S. 1043 (1990), quoting In re Republic Trust & Savings Co., 897 F.2d 1041, 1046 (1990) (bracketing in original).

7. Similarly, the Third Circuit Court of Appeals has held that the jury trial right exists, unless waived by the filing of a proof of claim. See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d. Cir.), cert. denied 513 U.S. 999 (1994); Travellers International AG v. Robinson, 982 F.2d 96, 98 (3d. Cir. 1992), cert. denied 507 U.S. 1051 (1993). If a defendant against whom the preference action is brought has not filed a proof of claim, the preference action "amounts only to a legal action to recover a monetary transfer." In re Heater, 261 B.R. 145, 148 (Bankr.W.D.Pa. 2001), quoting Langenkamp, 498 U.S. at 44.

8.  Because Defendant has not filed a claim against the estates, it is entitled to a jury trial in this avoidance action.

### B. Withdrawal of the Reference is Appropriate

9.  Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

10. A recent decision of the United States District Court for the District of Delaware is directly on point in finding that when a defendant in a preference adversary proceeding properly requests a jury trial, the reference to the Bankruptcy Court should be withdrawn. Hutchins v. APCC Services, Inc. (In re: Star Creditors' Liquidating Trust ), 2004 U.S. Dist. LEXIS 3279 (March 3, 2004). The District Court cited Granfinanciera, S.A. v. Nordberg, supra, as being dispositive on the right to a jury trial, and also held that "considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it appears more efficient for this court to manage the case through the pretrial process." 2004 U.S. Dist. LEXIS 3279, at p. 5.

11. The rationale of Hutchins is applicable here, given the clear right to a jury trial and the Defendant's lack of consent to the Bankruptcy Court's conduct of such a trial.

### C. Immediate Withdrawal is Appropriate Under the Unique Facts of This Proceeding

12. Defendant requests that the District Court withdraw the reference immediately for both scheduling and trial purposes. If an immediate withdrawal of the reference to the Bankruptcy Court is not granted, Defendant will not have an adequate opportunity to conduct discovery, given the fact and expert discovery deadline of June 13, 2005, imposed by the May 4, 2005, Scheduling

3

Order of the Bankruptcy Court (hereinafter the "Order"). A true and correct copy of the Order is attached hereto as "Exhibit A."

13. Pursuant to Paragraph 4 of the Order, "[a]ll discovery shall be completed no later than 150 days after the date that a first answer or other responsive pleading is filed." Defendant filed its Answer in this matter on January 14, 2005 and, therefore, all discovery is required to be completed by June 13, 2005. It is respectfully submitted that it is not possible to conduct fact and expert discovery within the timeframe set forth in the Order, especially given the size and complexity of this claim. As a result, Defendant will be severely prejudiced if an immediate withdrawal of the reference to the Bankruptcy Court is not granted.

Wherefore, based upon the foregoing, Defendant respectfully requests an immediate withdrawal of the reference to the Bankruptcy Court.

May 19, 2005

Werb & Sullivan

**/s/ Robert Wilcox**
Duane D. Werb (DE No. 1042)
Robert D. Wilcox (DE No. 4321)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail: dwerb@werbsullivan.com

and

Husch & Eppenberger, LLP
Mark T. Benedict, Esquire
Robert D. Maher, Esquire
1200 Market Street, Suite 1700
Kansas City, MO 64105
Telephone: (816) 421-4800
Facsimile: (816) 421-0596

Attorneys for Defendant A. J. Oster Co.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INSILCO TECHNOLOGIES, *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 02-13672 (KJC) |
| CHAD SHANDLER, AS TRUSTEE OF THE INSILCO LIQUIDATING TRUST – UNSECURED CREDITOR SERIES,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v. | <br><br><br><br>Adv. Proc. No. |
| JIT GLOBAL ENTERPRISES<br>EXPEDITORS INTL/SD<br>HEALTH ASSURANCE PENNSYLVANIA<br>BRYAN METALS, INC.<br>PRECIOUS PLATE, INC.<br>BERK-TEK<br>DSM ENGINEERING PLASTICS<br>LONG ISLAND TRANSP. EXPERTS<br>ALGONQUIN INDUSTRIES INC.<br>A.J. OSTER CO.<br>SUMMIT CORP. OF AMERICA<br>WORTHINGTON STEEL CO.<br>JEM TOOL & DIE CORP.<br>ULBRICH STAINLESS STEEL<br>VACATION FRINGE BENEFIT FUND<br>KLEIN PLATING WORKS<br>OLIN BRASS<br>TEMPEL DE MEXICO<br>TEMPEL STEEL COMPANY<br>REA MAGNET WIRE CO. INC.<br>COSMO CORPORATION<br>PRECISION CABLE DE MEXICO<br>BARNES SCREW MACHINE<br>TRIMBLE NAVIGATION<br>FORCE ELECTRONICS<br>ACCURATE WIRE<br>QUALITY ROLLING & DEBURRING CO., | 04-57683 (PBL)<br>04-57684 (PBL)<br>04-57685 (PBL)<br>04-57686 (PBL)<br>04-57687 (PBL)<br>04-57688 (PBL)<br>04-57689 (PBL)<br>04-57690 (PBL)<br>04-57691 (PBL)<br>04-57692 (PBL)<br>04-57693 (PBL)<br>04-57694 (PBL)<br>04-57695 (PBL)<br>04-57700 (PBL)<br>04-57703 (PBL)<br>04-57704 (PBL)<br>04-57705 (PBL)<br>04-57706 (PBL)<br>04-57707 (PBL)<br>04-57708 (PBL)<br>04-57710 (PBL)<br>04-57713 (PBL)<br>04-57716 (PBL)<br>04-57718 (PBL)<br>04-57720 (PBL)<br>04-57725 (PBL)<br>04-57728 (PBL) |

Defendants.

## SCHEDULING ORDER

In order to promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings. Pursuant to the Initial Pretrial Conference held on April 4, 2005,

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Pretrial Conference in the adversary proceeding.

2. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall take place no later than thirty (30) days after the first answer or other responsive pleading is filed, or sixty (60) days after the adversary proceeding is commenced, whichever is earlier.

3. The parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than fourteen (14) days after the ~~entry of this order~~ DISCOVERY PLANNING CONFERENCE. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All discovery shall be completed no later than 150 days after ~~the later of: (i) entry of this Order or (ii)~~ the date that a first answer or other responsive pleading is filed.

5. Pursuant to the General Order Regarding Procedures in Adversary Proceedings

entered by the Honorable Mary F. Walrath on April 7, 2004, no later than ninety (90) days after ~~the later of: (i) entry of this Order or (ii)~~ the date that a first answer  or other responsive pleading is filed, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

6. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of discovery and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

8. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Paul B. Lindsey. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Lindsey's chambers.

9. In the Order Assigning the Adversary Proceeding to Mediation, the adversary proceeding shall be set for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.

10. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or

other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which the Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion and for good cause shown.

12. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: ~~April 25~~ MAY 4, 2005
Wilmington, Delaware

PAUL B. LINDSEY
United States Bankruptcy Judge