**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| INSILCO TECHNOLOGIES, INC., <u>et al.,</u> | ) Bk. No. 02-13672 (KJC) |
| | ) |
| Debtors, | ) (Jointly Administered) |
| ─────────────────────────────── | ) |
| | ) |
| CHAD SHANDLER, AS TRUSTEE OF THE INSILCO | ) |
| LIQUIDATING TRUST- UNSECURED | ) |
| CREDITOR SERIES, | ) |
| | ) Adv. Proc. No. 04-57692 (PBL) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| A. J. OSTER CO. | ) |
| | ) |
| Defendant. | ) |
| ─────────────────────────────── | ) |

**REPLY MEMORANDUM IN SUPPORT OF AMENDED AND RESTATED**
**MOTION OF DEFENDANT A. J. OSTER CO.**
<u>**TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**</u>
**(Related Docket Items 19 and 23)**

Comes Now, A.J. Oster Co., ("Defendant") with this *Reply Memorandum in Support of Amended and Restated Motion to Withdraw Reference to Bankruptcy Court* and states as follows:

<u>**PROCEDURAL BACKGROUND**</u>

1.    On December 13, 2004, Plaintiff instituted this proceeding by filing a *Complaint* through which it seeks to avoid and recover pursuant to 11 U.S.C Sections 547, 548 and 550 over $840,000.00 in transfers allegedly made to Defendant.

2.    On January 14, 2005, Defendant filed a timely *Answer and Affirmative Defenses*

containing a demand for a jury trial. Defendant does not consent to the conduct of a jury trial by the Bankruptcy Court.

3.     Defendant has not filed a claim against any of the Debtors' estates.

4.     On May 19, 2005 Defendant filed its *Amended and Restated Motion to Withdraw Reference to Bankruptcy Court* (the "Motion to Withdraw").

5.     On May 23, 2005, Plaintiff filed its *Response to Defendant's Amended and Restated Motion to Withdraw Reference to Bankruptcy Court* (the "Response") opposing the relief sought in the *Motion to Withdraw*.

## ARGUMENT

   A.   Plaintiff Acknowledges That Defendant has a Constitutional Right to a Jury Trial In This Action

6.     Plaintiff apparently does not dispute defendant's right to a jury trial in this proceeding. See, *Response*, paragraph 22.

7.     However, in opposing the *Motion to Withdraw*, Plaintiff fails to acknowledge that the Bankruptcy Court cannot conduct a jury trial in this proceeding. A bankruptcy court has jurisdiction to conduct a jury trial only "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties" 28.U.S.C. Section 157(e) (emphasis added).

8.     The District Court of Delaware has not designated the Bankruptcy Court to conduct a jury trial, nor has the Defendant consented to the Bankruptcy Court conducting a jury trial. Therefore, this proceeding must be withdrawn from the Bankruptcy Court prior to trial.

9.     Plaintiff cites two recent Memoranda Opinions of this court in urging that the Motion to Withdraw be denied. *Response, paragraph 26,* citing *Official Committee of Unsecured Creditors of the IT Group v. Advanced Masonry, Inc. (In re IT Group, Inc.)* Civ. A. No.04-1430-

JJF (D. Del. Nov. 22, 2004) and *Official Committee of Unsecured Creditors of the IT Group v. Instrument Sciences and Tech, Inc. (In re IT Group, Inc.)* Civ. A. No.04-857 -JJF (D. Del. Dec. 17, 2004). Defendant submits respectfully that those decisions, as memoranda opinions based upon the peculiar facts and procedural settings of those cases, have little or no precedential value in the case at bar. It is telling that neither of those cases involves the type of exigencies at issue here.

11.     Further, Plaintiff's suggestion in its *Response*[1] that a factor weighing against the *Motion to Withdraw* is that "the Bankruptcy Court is currently presiding over a number of similar adversary proceedings as well as the main bankruptcy cases [and] the bankruptcy Court has a complete understanding of the bankruptcy cases…" is entirely inaccurate, since the particular judge assigned to this and all the pending preference proceedings is <u>not</u> presiding over the main bankruptcy case.[2] Even if there were some strong factual nexus between this preference proceeding and the main bankruptcy cases, which Plaintiff has not demonstrated, it is a matter of docket record that this proceeding has been assigned to a different judge (The Honorable Paul B. Lindsey) than is handling the main case (The Honorable Kevin J. Carey). Additionally, the Bankruptcy Court has not considered any substantive matters in this proceeding that would grant it an extensive understanding of the underlying facts.

    B. <u>Given the Circumstances of this Proceeding, Withdrawal of the Reference is Necessary Now to Avoid Clear Injustice</u>

12.     The circumstances of this proceeding necessitate immediate withdrawal. The Bankruptcy Court's omnibus *Scheduling Order* attached to the *Motion to Withdraw* was entered on May 3, 2005, and set a discovery cutoff in this proceeding for June 15, 2005. Such a

---

[1] *Response, paragraph 18.*
[2] Defendant has the highest respect for the particular Bankruptcy Judge to whom this matter was assigned. Defendant disagrees with Plaintiff's suggestion that if the *Motion to Withdraw* were granted "the District Court [would] be required to expend time familiarizing itself with the law applicable to this proceeding". *Response, paragraph 24.*

discovery period is clearly impractical and unfair, given that Plaintiff seeks a recovery of $843,122.22 from Defendant. That discovery cutoff applies to <u>both</u> expert and non-expert discovery, making the Defendant's retention of experts, the publication of competing expert reports, and corresponding expert depositions a clear impossibility. Moreover, the Bankruptcy Court has a well-publicized policy of not extending deadlines in preference actions.

13.     Given the truncated and onerous discovery schedule in the Bankruptcy Court's *Scheduling Order*, Plaintiff's efforts to preserve the status quo[3] and keep this matter in the Bankruptcy Court are only explicable as reflective of its decision that it would benefit from that shortened period. As such, Defendant urges that such a decision is all the more reason that a complete development of the facts, through both fact and expert discovery, is called for in this proceeding.

14.     Such a complete development of the facts, through both fact and expert discovery, can only take place if the Defendant's *Motion to Withdraw* is granted. Unless that Motion is granted, Defendant's rights will be impinged upon in a way that this court should not countenance.


WHEREFORE, based upon the foregoing, Defendant requests that this Court enter an order withdrawing immediately the reference to the Bankruptcy Court and transferring this proceeding to this Court for all purposes.

---

[3] Plaintiff asserts that "[m]aintaining the status quo is a more sensible result than prematurely withdrawing the reference as Defendant suggests." *Response, paragraph 28.*

June 6, 2005

WERB & SULLIVAN

**/s/ Duane D. Werb**
Duane D. Werb (DE No. 1042)
Robert D. Wilcox (DE No. 4321)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail: dwerb@werbsullivan.com

And

Husch & Eppenberger, LLP
Mark T. Benedict, Esquire
Robert D. Maher, Esquire
1200 Market Street, Suite 1700
Kansas City, MO 64105
Telephone: (816) 421-4800
Facsimile: (816) 421-0596

*Attorneys for Defendant A. J. Oster Co.*