IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INSILCO TECHNOLOGIES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 02-13672 (KJC)<br><br>(Jointly Administered) |
| CHAD SHANDLER, AS TRUSTEE OF THE INSILCO LIQUIDATING TRUST - UNSECURED CREDITOR SERIES,<br><br>Plaintiff,<br><br>v.<br><br>AJ OSTER CO.,<br><br>Defendant. | Adv. Pro. No. 04-57692 (PBL) |

**PLAINTIFF'S RESPONSE TO AMENDED AND
RESTATED MOTION OF DEFENDANT A.J. OSTER CO.
TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

Chad Shandler, as Trustee of the Insilco Liquidating Trust - Unsecured Creditor Series (the "Trustee" or the "Plaintiff"), files this Response (the "Response") to the Amended and Restated Motion to Withdraw Reference to Bankruptcy Court (the "Amended Withdrawal Motion") filed by A.J. Oster Co. ("A.J. Oster" or the "Defendant"), and respectfully represents as follows:

**BACKGROUND**

1.     On December 16, 2002 (the "Petition Date"), Insilco Holding Co. and certain of its direct and indirect subsidiaries (the "Debtors"), including InNet Technologies, Inc., Insilco Technologies, Inc., Precision Cable Mfg. Corporation, Stewart Stamping Corporation, Stewart Connector Systems, Inc., and Signal Transformer Co., Inc. (collectively, the "Transferor

Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.

2. On February 13, 2004, the Debtors filed the Amended Joint Liquidating Plan Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").

3. On June 10, 2004, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law and Order Under Section 1129 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules Confirming the Amended Joint Liquidating Plan Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Confirmation Order"). The Plan became effective on October 6, 2004 (the "Effective Date").

4. Pursuant to the Plan, a Creditor Trust was created. The duties of the Trustee of the Creditor Trust are governed by the Insilco Liquidating Trust Agreement (the "Trust Agreement") entered into between the Debtors and Chad J. Shandler of Traxi, LLC.

5. Pursuant to sections 7.2 and 7.3 of the Plan, the Trustee is responsible for, *inter alia*, filing and prosecuting all actions, causes of action, or claims of the Debtors or their estates arising under chapter 5 of the Bankruptcy Code.

6. On December 14, 2004, the Trustee filed a Complaint to Avoid and Recover Transfers of Property Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) (the "Complaint") against the Defendant.

7. On January 14, 2005, prior to service of the summons and Complaint on the Defendant, the Defendant filed its Answer and Affirmative Defenses to the Complaint (the "Answer").

8.  On May 13, 2005, the Defendant filed its Motion to Withdraw Reference to Bankruptcy Court (the "Withdrawal Motion") and its Motion for Determination of Core Status (the "Core Status Motion").

9.  On May 19, 2005, the Defendant filed the Amended Withdrawal Motion and an Amended and Restated Core Status Motion.

## ARGUMENT

10. 28 U.S.C. § 157(d) provides in pertinent part:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

10. "[S]ection 157(d) envisions two types of withdrawal of a reference to the Bankruptcy Court: (1) mandatory withdrawal, and (2) permissive withdrawal." *Homeland Stores, Inc. v. Burris (In re Homeland Stores, Inc.)*, 204 B.R. 427, 430 (D. Del. 1997). As set forth herein, the issues upon which the Defendant seeks to withdraw the reference do not involve substantial or material consideration of non-Bankruptcy Code law. Therefore, this matter would be more efficiently and expeditiously decided by the Bankruptcy Court, not the District Court.

11. Specifically, "[m]andatory withdrawal must occur when (1) consideration of federal law outside of the Bankruptcy Code is necessary to resolve the case or proceeding, and (2) such consideration of federal law outside the Bankruptcy Code is 'substantial and material.'" *IRS v. CM Holdings, Inc. (In re CM Holdings, Inc.)*, 221 B.R. 715, 721 (D. Del. 1998) (citation omitted). "Application of this standard furthers the underlying policy of section 157(d), which is

3

to withdraw matters requiring the application of non-bankruptcy law from the relatively less experienced bankruptcy court to the more experienced district court." *Pension Benefit Guaranty Corp. v. Smith Corona Corp. (In re Smith Corona Corp.)*, 205 B.R. 712, 714 (D. Del. 1996) (citation omitted). Importantly, "[m]andatory withdrawal is a fact specific inquiry, looking to circumstances involved in each case." *Adelphia Communications Corp. v. Rigas*, 2003 WL 21297258 *3 (S.D.N.Y. June 4, 2003) (citing *In re Keen Corp.*, 182 B.R. 379, 382 (S.D.N.Y. 1995)). In this matter, the Complaint is not subject to mandatory withdrawal because its resolution is governed by the Bankruptcy Code and will not require "significant interpretation" of non-bankruptcy federal law.

12. Further, the Delaware District Court has stressed that, in determining whether or not permissive withdrawal is warranted, "the initial determination should be whether the claim is a core bankruptcy proceeding or whether it is non-core." *In re NDEP Corp.*, 203 B.R. 905, 908 (D. Del. 1996) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) *cert. denied*, 511 U.S. 1026 (1994)). "Core" proceedings are those with which the bankruptcy court has greater familiarity and expertise, as distinct from "non-core" proceedings in which the district court is more proficient. 28 U.S.C. § 157. In core proceedings, the bankruptcy court has the authority to "enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). In non-core proceedings, however, the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C. § 157(c)(1).

13. In addition to the core or non-core nature of the proceeding, courts in the Third Circuit consider the following factors to determine whether or not "cause" exists to withdraw the reference:

> the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economic

>use of the debtors' and creditors' resources, and expediting the bankruptcy process.

*In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland American Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). As set forth herein, analysis of these factors warrants dismissal of the Amended Withdrawal Motion.

**I.      This is a Core Proceeding**

14.     The Defendant has conceded in its papers that this is a core proceeding for purposes of 28 U.S.C. § 157(d).[1] Section 157(b)(2)(F) of title 28 specifically provides that "[c]ore proceedings include ... proceedings to determine, avoid, or recover preferences," and the Defendant also admits such in its Answer. *See* Answer ¶ 3.

15.     Although the fact that claims alleged in an adversary proceeding are core is not dispositive of the withdrawal analysis, it "strongly indicate[s] that there is no cause to withdraw the reference." *In re Enron Corp.*, 295 B.R. at 26; *see also In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (observing that whether the claim is core or non-core is the "most important" factor to be considered).

**II.     The Court Is Not Compelled to Withdraw the Reference Simply Because Defendant Has Asserted Its Right to a Jury Trial**

16.     The Defendant contends that there is sufficient cause for permissive withdrawal of the reference of this adversary proceeding to the District Court pursuant to 28 U.S.C § 157(d), because the Defendant has asserted its right to a jury trial and refused to consent to such trial before this Court. *See* Amended Withdrawal Motion ¶ 11. Both factors articulated by the Defendant are insufficient, either standing alone or taken together, to justify withdrawal of the bankruptcy reference in this matter.

17.     It is well-settled that withdrawal of the reference is not compelled by a party's mere assertion of its right to a jury trial pursuant to Article VII of the U.S. Constitution. *See Prudential Securities Credit Corp., LLC v. Pacific Pointe Escrow, Inc. (In re Appoline.com, Inc.)*, 303 B.R. 723, 727-28 (E.D.N.Y. 2004) (denying defendant's motion to withdraw reference-premised solely upon defendant's demand for jury trial, where adversary proceeding was in preliminary stage, bankruptcy court had presided over similar adversary proceedings, had complete understanding of factual background of the case, and defendant failed to demonstrate that withdrawal would serve interests of judicial economy or that it would be prejudiced by bankruptcy court's management of pre-trial matters); *Official Committee of Unsecured Creditors of Enron Corp. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 27 (S.D.N.Y. 2003) (denying motion to withdraw reference of core proceeding, notwithstanding defendant's demand for jury trial and refusal to consent to bankruptcy court presiding over the trial, where adversary proceeding was in preliminary stage, creditors' committee indicated dispositive motions would be filed, and there would likely be numerous other avoidance actions before the bankruptcy court on many of the same factual and legal grounds); *Enron Power Mktg., Inc. v. City of Santa Clara (In re Enron Power Mktg.)*, No. 01 Civ.7964, 2003 WL 68036, at *6-7, 11 (S.D.N.Y. Jan. 8, 2003) (denying withdrawal of bankruptcy reference despite defendant's demand for jury trial where proceeding was likely to be resolved by dispositive motion, discovery would require judicial oversight, and bankruptcy judge presiding over several similar cases was "familiar with the salient issues in all cases and far more able to supervise all of them together, unless and until a jury trial is necessary.").

---

[1] Contemporaneously with the filing of the Amended Withdrawal Motion, Defendant filed its Amended and Restated Core Status Motion, dated May 19, 2005, in which Defendant concedes that this matter is a core proceeding.

18.     Just as it was found in the cases cited above: (i) this adversary proceeding is in the preliminary stages; (ii) the Bankruptcy Court is currently presiding over a number of similar adversary proceedings as well as the main bankruptcy cases; (iii) the Bankruptcy Court has a complete understanding of factual background of the bankruptcy cases; and (iv) defendant failed to demonstrate that withdrawal of the reference would serve the interests of judicial economy or that it would be prejudiced by the Bankruptcy Court's management of pre-trial matters. Accordingly, the Amended Withdrawal Motion should be denied.

19.     As noted by another court in analyzing this issue:

> [a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy.

*Kenai Corp.* v. *National Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (denying motion in the interest of judicial economy and administration despite defendant's assertion of right to jury trial). Simply put, there is no requirement to withdraw the reference whenever a defendant asserts its right to a jury trial. Rather, a demand for a jury trial is only one of several factors to be considered by the court when making a determination whether withdrawal is warranted for "cause shown" under section 157(d).

20.     Importantly, like the Defendant's demand for a jury trial, the Defendant's unwillingness to consent to trial before the Bankruptcy Court does not warrant withdrawal of the reference. *In re Enron Corp.*, 295 B.R. at 27 (holding that "a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial" in a case where defendant refused to consent to a jury trial before the bankruptcy court) (citation omitted).

**III.     Additional Factors Warrant Denial of the Amended Withdrawal Motion**

21.     Once a court determines that the matter is a core proceeding, in addition to considering a defendant's right to a jury trial, the court should consider whether permissive withdrawal under section 157(d) promotes uniformity in bankruptcy administration, reduces forum shopping and confusion, fosters the economic use of the debtors' and creditors' resources, and expedites the bankruptcy process. *In re Pruitt*, 910 F.2d at 1168.

22.     With the exception of the Defendant's right to a jury trial, which, as discussed herein, is in and of itself insufficient to warrant withdrawal of the reference, the facts of this matter warrant denial of the Amended Withdrawal Motion. *See, e.g., Enron Corp.*, 295 B.R. at 27. There are numerous preference actions currently pending before the Bankruptcy Court relating to the Debtors. Maintaining these actions in the Bankruptcy Court will certainly promote uniformity and administration, reduce confusion, and foster the economical use of both the Trustee's and judicial resources. *In re Enron Corp.*, 295 B.R. at 27; *In re Enron Power Mktg.*, 2003 WL 68036, at *6-7.

23.     Furthermore, many of the preference actions are likely to involve similar factual scenarios and legal issues. The Bankruptcy Court is, therefore, best equipped to uniformly decide these issues, and its intimate knowledge of the factual and legal aspects of the bankruptcy cases will prove a substantial advantage to the expeditious resolution of the actions. *Id.*

24.     Conversely, granting the Amended Withdrawal Motion will not foster the economic and efficient use of the Trustee's limited resources by forcing the Plaintiff to litigate substantially similar matters in at least two forums. Similarly, withdrawal of the reference would not lead to the most efficient use of judicial resources. Not only would the District Court be required to expend time familiarizing itself with the law applicable to this proceeding, it would also need to familiarize itself with the factual and procedural background of the bankruptcy

cases, the filing of which took place over two years ago.  Indeed, the Bankruptcy Court, with its knowledge of the bankruptcy cases, is the most efficient forum for this adversary proceeding's resolution.  *See In re Kenai Corp.*, 136 B.R. at 61 (denying motion in interests of judicial economy and administration despite defendant's assertion of right to jury trial); *see also In re Enron Corp.*, 295 B.R. at 27; *In re Enron Power Mktg.*, 2003 WL 68036, at *6-7.

25.   The Defendant cites *Hutchins v. APCC Services, Inc. (In re Star Creditors' Liquidating Trust)*, Civ. A. 03-793-KAJ, 2004 WL 406353 (D. Del. Mar. 3, 2004), in support of the Amended Withdrawal Motion.  However, the basis of the District Court's ruling in *In re Star Creditors* was that "although the Plaintiff asserts that all pretrial matters in this proceeding should be remanded to the Bankruptcy Court for reasons of judicial economy, or the [Withdrawal] Motion should be denied for reasons of judicial economy, the Plaintiff provides no explanation in support of these contents."  *In re Star Creditors*, 2004 WL 406353, at *1.  Unlike the plaintiff in *In re Star Creditors*, however, this Response extensively discusses the basis for the denial of the Amended Withdrawal Motion and the reasons such denial would promote judicial economy.

26.   The Trustee respectfully urges the District Court to follow the holdings of *Official Committee of Unsecured Creditors of the IT Group v. Advanced Masonry, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-1430-JJF (D. Del. Nov. 22, 2004), and *Official Committee of Unsecured Creditors of the IT Group v. Instrument Sciences and Tech, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-857-JJF (D. Del. Dec. 17, 2004), attached hereto as Exhibits "A" and "B", in which the District Court held, on facts very similar to this case, that the motion to withdraw the reference should be denied and the Bankruptcy Court's continued handling of the adversary proceeding was warranted.

27.     Accordingly, the Amended Withdrawal Motion should be denied.

## IV.     Withdrawal Is Premature at this Stage of the Litigation

28.     Finally, it is premature at this stage of the litigation to withdraw the reference. Plaintiff respectfully submits that at a minimum, the Amended Withdrawal Motion should be denied until such time as discovery is complete and the matter is ready for trial. *See, e.g., In Enron Power Mktg.*, 2003 WL 68036, at * 11 (withdrawal of the reference is inappropriate "unless and until a jury trial is necessary."). Maintaining the status quo is a more sensible result than prematurely withdrawing the reference as Defendant suggests. As noted herein, the Bankruptcy Court is familiar with the bankruptcy cases and withdrawing the reference at this time would result in an unnecessary waste of judicial and party resources before it is even certain that such a result is warranted.

WHEREFORE, for the foregoing reasons, the Amended Withdrawal Motion should be denied.

Dated: May 31, 2005

DRINKER BIDDLE & REATH LLP

/s/ David P. Primack
David Primack (DE 4449)
1100 North Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Attorneys for Chad Shandler, as Trustee of the Insilco Liquidating Trust - Unsecured Creditor Series*